JOHN D. DUDLEY, plaintiff in error, vs. CHARLES LOVE, defendant in error.

[1.] A Court of law should, in a proper case, grant a continuance, to allow a party who has an equitable defence to enjoin the proceeding at law.

[2] If a material witness be a surety on the bond of a tenant, given under the act of 1866, the Court hearing the case should allow another surety substituted, to make the witness competent.

Statutory proceeding against tenant holding over. In Clay Superior Court. Tried before Judge CLARKE, June Term, 1866.

Love, by his agent, made the requisite affidavit, and procured a summary process to remove Dudley from certain premises as a tenant holding over. Dudley, on the 21st of May, 1866, made his counter-affidavit, denying the tenancy, and gave bond for double rent, &c., in compliance with the statute, with one Peterson as security. The papers were returned to the June Term of Clay Superior Court, which was held some twenty or twenty-five days thereafter, at which time Dudley presented to the presiding Judge a bill praying an injunction against this proceeding at law, and setting up an equitable defence to the same. The Judge heard the application for injunction, and refused it because the bill did not allege that certain Confederate money deposited by Dudley in his own safe, after making a tender of it to pay for the premises, had been kept by him for Love until it became valueless. In about one hour after this decision was made, the summary 'proceeding] came up in its order for trial, and counsel for Dudley moved for a continuance, so that he might have time to amend his bill to meet the objection against granting the injunction which the Judge had specified, declaring his intention to make the amendment. The Court refused to grant a continuance.

In the course of the trial, Dudley introduced as a witness, Peterson, the security on his bond, who, as the record shows, had knowledge of several facts material to the case. Upon his competency being objected to by the plaintiff, on the ground of his being security on the bond, Dudley offered to substitute other solvent and sufficient security, or to give a new bond with like security, and thus make Peterson competent ; but the Court refused to permit this to be done, and ruled out Peterson's evidence.

A verdict was found for the plaintiff ; after which, the defendant moved for a new trial on numerous grounds, among them, the refusal to grant a continuance, and 'the rulings of the Court touching the witness, Peterson.

A new trial was refused, and this is complained of as error.

Bower, for plaintiff in error.

Hood, for defendant.

Walker, J.

[1.] We think the Court should have continued the case, to allow defendant to prepare his bill, so that he might be able to set up his equitable defence. The proceedings had been instituted within less than a month ; from a verdict in that case, there was no appeal ; defendant had used due diligence in preparing his bill, except that it lacked an allegation which the Judge deemed important, and which allegation the counsel stated he intended to put in ; and we must believe his statement. With this addition to the bill, the Court had in effect, decided that the party was entitled to an injunction to restrain the common law proceeding ; and under this state of facts, ought not the case to have been postponed until the defendant could have prepared his pleadings ? We think so most clearly.

[2.] We think the refusal of the Court to permit Peterson to be relieved from liability, so as to make him a competent witness, was an error. It is a common practice, sanctioned by repeated decisions of this Court, to allow a party to release a surety by the substitution of other good security, in order to make the first surety a competent witness ; and we see no good reason why the same practice should not prevail in cases of this character. The statute simply requires that the tenant tender a bond with good security for the payment of the sum which may be recovered against him on the trial : *Acts* 1865-6, p. 35. It is immaterial who the surety may be. He might be Peterson, or any other " good security." For these reasons, we reverse the judgment, and award a new trial.

Judgment reversed.